UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELISSA FANNIN,

      PLAINTIFF,                    CASE NO.: 6:24-cv-563

v.

FLORIDA DEPARTMENT OF BUSINESS
AND PROFESSIONAL REGULATION,

      DEFENDANT.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, MELISSA FANNIN, ("PLAINTIFF"), by and through her undersigned counsel and sues the Defendant, FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION ("DEFENDANT"), and states the following:

1. PLAINTIFF brings this action against DEFENDANT, her current employer, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and its implementing Regulations and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended (the "FCRA"), § 760.01 et seq., Florida Statutes, seeking to recover damages for DEFENDANT's hostile work environment based on sex and unlawful retaliation.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

3. The venue is proper in the Middle District of Florida because the DEFENDANT employed the PLAINTIFF in Orange County, Florida.

4. The DEFENDANT is a State Agency charged with licensing and regulating State of Florida businesses and professionals. The DEFENDANT conducts business in Orange County, Florida, where the PLAINTIFF worked for the DEFENDANT.

5. The PLAINTIFF has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm reasonable attorney's fee for its services.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

6. On February 8, 2023, PLAINTIFF timely filed a dual Charge of Discrimination against the DEFENDANT with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against the DEFENDANT.

7. On January 29, 2024, the U.S. Department of Justice, Civil Rights Division issued PLAINTIFF a Notice of Right to Sue Within 90 Days in reference to her Charge of Discrimination against the DEFENDANT.

8. The FCHR did not issue a decision within 180 days.

9. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

10. The PLAINTIFF began her employment with the DEFENDANT in August 1997 in the Division of Alcohol, Beverage, and Tobacco. Bureau of Law Enforcement (ABT) at the Agency's Orlando office.

11. At the time of PLAINTIFF's dismissal on October 5, 2022, her title position was Special Agent.

12. The PLAINTIFF began working with Captain Gamalier "Corey" Mendez ("Mendez") in 2016.

13. Mendez was PLAINTIFF's immediate supervisor and had the authority to discipline her, assign her specific investigations and determine whether or not she had back up. The PLAINTIFF was required to return his telephone calls.

14. Beginning in 2019, PLAINTIFF was the victim of sexual harassment, inappropriate touching, abuse of power, and intimidation by Mendez.

15. On August 13, 2019, Mendez was conducting a vehicle inspection on PLAINTIFF's state vehicle and during the end of the inspection he told PLAINTIFF that he was doing a seatbelt check. The PLAINTIFF put the seatbelt on while he was standing outside the vehicle and he was staring at PLAINTIFF's chest as the seatbelt fell between her breasts.

16. On July 13, 2020, Mendez and the PLAINTIFF were working and driving around Orange County checking places during the COVID inspections. As Mendez was driving in his state vehicle, his right hand fell and landed on PLAINTIFF's inner thigh. He left his hand on her inner thigh until she moved it away. As they were driving, he did this another time. She moved in the seat which made his hand move off her inner thigh. She told him that it made her uncomfortable.

17. On July 30, 2020, Mendez on several occasions told another colleague that "his number one job was to keep Melissa safe and take care of his girl."

18. Mendez created an intimidating, hostile and offensive working environment for the PLAINTIFF with unwelcome, verbal and physical conduct towards the PLAINTIFF.

19. Mendez continually asked the PLAINTIFF for her personal cell phone number because he couldn't have personal telephone calls on their work cell phones.

20. Mendez told the PLAINTIFF that she looked good but was too skinny and needed to put on weight because he likes women with meat on them.

21. Mendez invited the PLAINTIFF out for dinner and drinks when his wife was away. She declined.

22. Mendez smelled PLAINTIFF's hair while overlooking on her computer monitor in the office and told the PLAINTIFF that her hair smelled good.

23. Mendez approached the PLAINTIFF behind her desk while overlooking on her computer monitor in her office and grabbed her leg.

24. Mendez once physically attacked PLAINTIFF in her office by trying to hug and kiss her, and another time in an elevator.

25. Mendez continually told the PLAINTIFF that he loved her and misses her.

26. Mendez harassed other female employees at the Agency by exposing his penis.

27. PLAINTIFF was incredibly uncomfortable with Mendez's sexual harassment advances and she recorded conversations with Mendez to bring to Human Resources.

28. PLAINTIFF reached out to Human Resources and made a verbal complaint of sexual harassment. Human Resources never followed up. During this time Mendez was promoted and his duties took him out of direct proximity to the PLAINTIFF.

29. On January 20, 2022, Mendez made a sexually suggestive comment to the PLAINTIFF which made her incredibly uncomfortable and brought up her memories of being sexually harassed by him.

30. On February 14, 2022, the PLAINTIFF submitted a written Complaint against Mendez alleging sexual harassment to the DEFENDANT's, Office of Human Resources.

31. On June 7, 2022, the DEFENDANT issued an Investigative Summary ignoring most of the evidence she provided to the Agency and failed to conduct a good faith investigation. Also on June 7, 2022, the DEFENDANT issued its decision to terminate the PLAINTIFF's employment.

32. On October 5, 2022, the DEFENDANT terminated the PLAINTIFF.

33. The PLAINTIFF appealed the decision and was reinstated.

### COUNT I: VIOLATION OF TITLE VII & FCRA
(Sexual Harassment – No Adverse Action)

34. PLAINTIFF realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The actions of DEFENDANT by and through the conduct of its agents, more particularly described in the General Allegations section herein, constituted unlawful sexual harassment and sex based discrimination. The DEFENDANT tolerated and condoned this discriminatory environment that was inflicted upon female workers in general by her supervisor, and upon the PLAINTIFF in particular.

36. The conduct was unwelcome.

37. The conduct was sufficiently severe or pervasive to alter the conditions of the PLAINTIFF's employment and create a sexually abusive or hostile work environment;

38. The PLAINTIFF perceived the working environment to be abusive or hostile.

39. A reasonable woman in the PLAINTIFF's circumstances would consider the working environment to be abusive or hostile.

**WHEREFORE**, PLAINTIFF demands judgment in her favor and against DEFENDANT for damages and relief as follows:

(a) A declaratory judgment that the actions, conduct, and practices of DEFENDANT complained of herein violate Title VII and the FCRA;

(b) An injunction and order permanently restraining DEFENDANT from engaging in such unlawful conduct;

(c) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate PLAINTIFF for harm to PLAINTIFF's professional and personal reputation and loss of career fulfillment;

(d) An award of damages for any and all other monetary and/or non-monetary losses suffered by PLAINTIFF in an amount to be determined at trial, plus prejudgment interest;

(e) Enjoining DEFENDANT from taking any further retaliatory acts against the PLAINTIFF or other employees who engage in protected activity;

(f) Mandating that supervisory level employees and Human Resources employees within the department attend training designed to prevent further retaliation against employees including the PLAINTIFF;

(g) An award of costs that PLAINTIFF has incurred in this action, as well as PLAINTIFF's reasonable attorney's fees to the fullest extent permitted by law; and

(e) Any other such relief this Court deems just and proper.

## COUNT II: VIOLATION OF TITLE VII & FCRA
**(Retaliation)**

40. PLAINTIFF realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

41. PLAINTIFF engaged in protected activity when she both (a) recorded statements of her supervisor sexually harassing her for purposes of providing evidence to her employer, (b) provided a verbal complaint with Human Resources, and (c) filed a written complaint with Human Resources. All of these actions constitute protected activity under TITLE VII and the FCRA.

42. At all times material herein, PLAINTIFF acted in good faith and with the objective and subjective belief that violations by DEFENDANT's supervisors, managers, employees, and agents of both Title VII and the FCRA had occurred. As such, PLAINTIFF engaged in statutorily protected activity within the meaning of both Title VII and the FCRA.

43. The DEFENDANT terminated the PLAINTIFF because she engaged in protected activity.

44. Further, this retaliatory act was and is reasonably likely to deter employees from engaging in protected activity. As such, this retaliatory act constitutes an adverse employment action for the purposes of both Title VII and the FCRA.

45. DEFENDANT, through its employees, supervisors, managers, and agents, was aware of PLAINTIFF's statutorily protected expressions and activities when it subjected her to adverse employment actions. More specifically, PLAINTIFF was subjected to this adverse employment action after she engaged in statutorily protected expressions and activities.

46. A legitimate, non-discriminatory, or non-retaliatory reason does not exist to justify DEFENDANT's intentional discriminatory and retaliatory treatment of PLAINTIFF.

47. The retaliatory and discriminatory conduct of DEFENDANT, through its employees, supervisors, managers, and agents, against PLAINTIFF resulting from her engagement in statutorily protected activity under Title VII and the FCRA as alleged herein has caused, continues to cause, and will cause PLAINTIFF to suffer substantial damages.

48. As a direct, proximate and foreseeable result of DEFENDANT's aforementioned retaliatory action and violations of Title VII and the FCRA, PLAINTIFF has suffered, continues to suffer, and will suffer the following: noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, PLAINTIFF demands judgment in her favor and against DEFENDANT for damages and relief as follows:

(h) A declaratory judgment that the actions, conduct, and practices of DEFENDANT complained of herein violate Title VII and the FCRA;

8

(i) An injunction and order permanently restraining DEFENDANT from engaging in such unlawful conduct;

(j) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate PLAINTIFF for harm to PLAINTIFF's professional and personal reputation and loss of career fulfillment;

(k) An award of damages for any and all other monetary and/or non-monetary losses suffered by PLAINTIFF in an amount to be determined at trial, plus prejudgment interest

(l) Enjoining DEFENDANT from taking any further retaliatory acts against the PLAINTIFF or other employees who engage in protected activity;

(m) Mandating that supervisory level employees and Human Resources employees within the department attend training designed to prevent further retaliation against employees including the PLAINTIFF;

(n) An award of costs that PLAINTIFF has incurred in this action, as well as PLAINTIFF's reasonable attorney's fees to the fullest extent permitted by law; and

(e) Any other such relief this Court deems just and proper.

## JURY DEMAND

49. The PLAINTIFF demands trial by jury on all issues so triable as of right by jury.

Dated: March 22nd, 2024

Respectfully submitted,

By: /s/ *Frank M. Malatesta*
Frank M. Malatesta, Esq.
Fla. Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Blvd., Suite 235
Venice, FL  34285
Tel:   941-256-3812
Fax:  888-501-3865
frank@malatestalawoffice.com
staff@malatestalawoffice.com
*Counsel for Plaintiff*